UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| FADWA SAFAR, et al., <br> Plaintiffs, <br><br> v. <br><br> COSTCO WHOLESALE CORPORATION <br> Defendant. | Civ. No. 1:15cv469 |

MEMORANDUM OPINION

THIS MATTER comes before the Court on plaintiffs' Motion to Compel Appearance of American Citizen in Foreign Land to Appear for Deposition on American Soil, and, only in the alternative, Motion for Video Deposition, or in the alternative, Motion to Take Deposition in Another Country (Dkt. 81). The undersigned has reviewed all of the pleadings and makes the following findings.

**I. Background**

This case arises from an incident that occurred at the Costco warehouse in Pentagon City, Virginia on October 17, 2012, when a Costco employee reported suspected credit card fraud to the Arlington County Police Department. Later that day, Stephanie Rodriguez, the responding police officer, obtained felony warrants against both plaintiffs. Plaintiff Eshow was arrested in June 2013 and plaintiff Safar was arrested in

1

December 2013 on these warrants. All charges against plaintiffs were ultimately dismissed after filings of *nolle prosequi* by the Arlington County Commonwealth's Attorney.

Plaintiffs first brought suit against defendant Costco, but in the course of discovery plaintiffs learned that Costco allegedly gave timely notice to Officer Rodriguez that there had been no crime committed, and that Costco allegedly gave notice to Officer Rodriguez and/or Commonwealth's Attorney Tingle of the non-liability of Ms. Safar, after Mr. Eshow had been arrested but before Ms. Safar's arrest. Thus plaintiffs dismissed that case without prejudice and filed two new cases, one against Ms. Rodriguez and Ms. Tingle and one against Costco. On June 12, 2015, Judge Ellis consolidated the two cases for the purposes of discovery. On April 4, 2016, Judge Ellis dismissed the case and all claims against Ms. Rodriguez and Ms. Tingle, and further dismissed the negligence claim against Costco.

The instant motion concerns the deposition of Ms. Rodriguez, who is now a third-party. Ms. Rodriguez is employed in a foreign location for a defense contractor at a secure facility, which is controlled by the United States Government and not accessible to the general public. While the case against her was still pending, Ms. Rodriguez was scheduled to be deposed in Fairfax, Virginia on May 12, 2016. Following the Court's dismissal of the case against Ms. Rodriguez and Ms. Tingle,

plaintiffs advised that they would still proceed with all depositions previously noticed. This dispute arose as to whether Ms. Rodriguez must be deposed, and if so, how and where that deposition must take place.

Plaintiffs argue that Ms. Rodriguez should be compelled to appear for her deposition in Virginia as scheduled, pursuant to the Court's authority under 28 U.S.C. § 1783. Plaintiffs contend that Ms. Rodriguez is critical to their case because she disputes Costco's claims that it informed her, before plaintiffs' eventual arrests, that it had made a mistake and that no crime had occurred. Plaintiffs further state that it is not otherwise possible to obtain Ms. Rodriguez's testimony in admissible form, given the cost and inherent complications of taking a video deposition or of doing the deposition at plaintiff's foreign location.

Ms. Rodriguez counters that she is not obligated to return to the United States for her deposition. Ms. Rodriguez argues that her testimony is not necessary to this case in light of her answers to interrogatories addressing Costco's communications with her, as well as the fact that Ms. Tingle and the two other officers who responded on the day in question are all scheduled to be deposed. Ms. Rodriguez also does not agree to her deposition by telephone, Skype, or video because plaintiffs have appealed the recent dismissal of her case, thus she wants

counsel present to represent her during the taking of any deposition related to what, potentially, could involve action against her.

Defendant Costco also filed a response to the instant motion, in which Costco stated that it also believes that Ms. Rodriguez's testimony is critical to this case, because Costco believes her testimony will corroborate its position. Costco further argues that, given the importance of the testimony and the amount of documents and recordings to which Ms. Rodriguez is likely to be asked to testify, a remote deposition is inadequate.

## II. Analysis

A U.S. court may issue a subpoena requiring a national or resident of the United States who is in a foreign country to appear as a witness if the court finds that particular testimony by the person is necessary in the interest of justice, and that it is not possible to obtain her testimony in admissible form without her personal appearance. 28 U.S.C. § 1783. Testimony is necessary in the interest of justice if it is relevant under the standards set forth in Federal Rule of Civil Procedure 26(b), and if there is a compelling reason to issue the subpoena. See Balk v. N.Y. Inst. of Tech., 974 F. Supp. 2d 147, 155-56 (E.D.N.Y. 2013); SEC v. Sandifur, Case No. C05-1631C, 2006 U.S. Dist. LEXIS 89428, at *11 (W.D. Wash. Dec. 11, 2006). Also, when

considering the propriety of a subpoena under 28 U.S.C. § 1783, the court should consider factors such as the nature of the proceedings, the nature of the testimony or evidence sought, the convenience of the witness, the convenience of the parties, and other facts bearing upon the reasonableness of requiring a person abroad to appear as a witness. Estate of Ungar v. Palestinian Auth., 412 F. Supp. 2d 328, 333-34 (S.D.N.Y 2006) (citing the legislative history of Section 1783). Regarding possible alternatives, courts look to whether it is practical to obtain the information sought from the witness, and subpoenas may be issued when it is impractical to obtain the information. Balk, 974 F. Supp. 2d at 156.

Here, the Court finds that plaintiffs have satisfied this standard and that a subpoena should issue. First, Ms. Rodriguez's testimony is necessary in the interests of justice. Both plaintiffs and Costco have stated that Ms. Rodriguez's testimony is critical to the case. Indeed, Ms. Rodriguez's testimony regarding any communications she did or did not receive from Costco concerning plaintiffs and their alleged crimes is central to the issue of Costco's liability. Furthermore, weighing Ms. Rodriguez's convenience against that of the parties, the Court notes that Ms. Rodriguez already made the requisite plans to come to Virginia for her deposition when the case against her was still pending. As such, she is not

5

being required to make new plans for this deposition.

Second, the available alternatives are not practical in these circumstances. A video deposition would not be tenable in light of the number of documents and recordings on which Ms. Rodriguez is expected to be questioned, and it further would not meet Ms. Rodriguez's need to have her counsel present given the appeal of the dismissal of the case against her. Additionally, the costs and logistics involved in requiring counsel in this case, as well as Ms. Rodriguez's counsel, to go to Ms. Rodriguez's secure, foreign location to hold the deposition make that option impractical. Therefore, the Court finds that a subpoena should issue requiring Ms. Rodriguez to attend her deposition in Virginia.

As to Ms. Rodriguez's expenses incurred in attending her deposition, 28 U.S.C. § 1783 makes clear that Ms. Rodriguez should not bear her own costs. Plaintiffs originally acknowledged their responsibility to pay these expenses. However, in light of Costco's insistence that its counsel personally attend Ms. Rodriguez's deposition, plaintiffs have asked this Court to order that Costco pay Ms. Rodriguez's expenses. Because plaintiffs and Costco have both stated that Ms. Rodriguez's testimony is critical to this case, the Court concludes that plaintiffs and Costco should bear these costs equally. Furthermore, in light of the number of days that Ms.

Rodriguez will have to take off of work in order to attend her deposition, the Court finds that plaintiffs and Costco should pay her lost wages, as well as her travel and related expenses. Based on the estimates provided by Ms. Rodriguez's counsel to plaintiffs' counsel and included in Ms. Rodriguez's brief to this Court, the expenses total $3,461.20.

### III. Conclusion

This Court concludes that Ms. Rodriguez shall be required to attend her deposition in Virginia as previously scheduled. Furthermore, plaintiffs and defendant Costco shall pay Ms. Rodriguez her expenses incurred in attending her deposition, including her lost wages, in the amount of $3,461.20. Plaintiffs and Costco will split these costs equally.

An appropriate order shall issue.

/s/
Theresa Carroll Buchanan
United States Magistrate Judge

THERESA CARROLL BUCHANAN
UNITED STATES MAGISTRATE JUDGE

April 19, 2016
Alexandria, Virginia